IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROY ALEXANDER, | § | |
| (TDCJ-CID #1679725) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-3237 |
| | § | |
| VICTOR JAY WISNER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

John Roy Alexander, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in November 2013, alleging civil rights violations resulting from a denial of due process. Alexander, proceeding pro se and in forma pauperis, sues Victor Jay Wisner, defense counsel.

The threshold issue is whether Alexander's claims should be dismissed as frivolous. The court concludes that Alexander's claims lack merit and should be dismissed for the reasons stated below.

**I.    Alexander's Allegations**

Alexander complains that Wisner revealed private information during habeas proceedings. Alexander provides a copy of the affidavit Wisner submitted to the 174th Judicial District Court of Harris County, Texas, during post-conviction proceedings. (Docket Entry No. 1, Ex. 1). In that affidavit, Wisner explained that he represented Alexander on a charge of robbery in Cause Number 1263948. Alexander challenged the voluntariness of his guilty plea to the offense of robbery. In responding to Alexander's allegation that counsel rendered ineffective assistance, Wisner stated that

Alexander had admitted to committing the offense while "binging" on crack cocaine.

Alexander complains that Wisner's statements concerning Alexander's addiction violated his right to privacy.

Alexander seeks unspecified compensatory damages.

## II. Discussion

A federal court has the authority to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Alexander's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Alexander to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The conduct of a private person, such as Wisner, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983). Alexander's claims against Wisner for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)

(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Alexander has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Alexander's civil rights claims against Wisner are DISMISSED as frivolous.

## III. Conclusion

Alexander's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by John Roy Alexander (TDCJ-CID Inmate #1679725) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Alexander's motion for suspension of rules, (Docket Entry No. 4), is DENIED. Any remaining pending motions are DENIED as moot.

To the extent Alexander seeks habeas relief based on the ineffective assistance of counsel or the voluntariness of his guilty plea, the court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). Alexander may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting

available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. Court records reveal that on October 15, 2013, Alexander filed a petition for a writ of habeas corpus in Civil Action Number 4:13-3051, attacking his robbery conviction in Cause Number 1263948. Civil Action Number 4:13-3051 remains pending on the court's docket.

The TDCJ-CID must deduct twenty percent of each deposit made to Alexander's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on __Nov. 8__, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE